IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-216 |
| DANIEL HILL, | * | |
| Defendant. | * | |

\* · \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Daniel Hill was sentenced to a period of 120 months' imprisonment on November 1, 2016 after he pleaded guilty to possession of a stolen firearm. (ECF No. 71.) Hill has now filed a letter requesting compassionate release in light of the COVID-19 Pandemic. (ECF No. 76.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the request is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* This authority empowers the Court to reduce the sentence of an incarcerated individual who proves that documented medical conditions place him at a substantially heightened risk of suffering death or severe illness from COVID-19. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the

1

lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

In his letter, Hill does not claim that he has made the necessary request to the warden of his facility. Nor does he attach any records verifying that he made such a request. As such, because Hill has failed to provide evidence that he has pursued the procedure established by § 3582(c)(1)(A), this Court may not modify his sentence.[1]

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Hill's legitimate concerns about his living situation. However, this Court is limited by the existing statutory authority in the relief it may consider. Accordingly, Hill's Request for Compassionate Release (ECF No. 76) is DENIED without prejudice.

DATED this 15th day of December, 2020.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

---

[1] Hill may renew his motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Any renewed motion must be accompanied by: (1) an explanation of why Hill believes he is at a substantially heightened risk of suffering severe illness from COVID-19 compared to his fellow inmates; and (2) medical records verifying any medical conditions from which Hill claims to suffer.